IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED
2017 APR 24 P 2: 26
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

MICHAEL LAIT, *on behalf of himself and all others similarly situated*,

　　　　Plaintiff,

vs.

LEWIS, BRACKIN, FLOWERS, JOHNSON & SAWYER,

　　　　Defendant.

Civil Action No. 1:17-cv-249

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

## NATURE OF ACTION

1.　　Plaintiff Michael Lait ("Plaintiff") brings this putative class action against Defendant Lewis, Brackin, Flowers, Johnson & Sawyer ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, on behalf of himself and all others similarly situated.

## JURISDICTION, VENUE, AND STANDING

2.　　This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.　　Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

4.　　"In determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016). Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," thus "Congress may

1

'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Id.* (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992).

5. "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. *See id.* at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); *see also Church v. Accretive Health, Inc.*, No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

6. "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is *not* a necessary condition." *Lane*, 2016 WL 3671467 at *4 (emphasis in original).

## THE FAIR DEBT COLLECTION PRACTICES ACT

7. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

8. The FDCPA is a strict liability statute. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010). "The FDCPA typically subjects debt collectors to liability even when violations are not knowing or intentional." *Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1270 (11th Cir. 2011).

2

9. "A single violation of the Act is sufficient to subject a debt collector to liability under the Act." *Lewis v. Marinosci Law Grp., P.C.*, No. 13-61676-CIV, 2013 WL 5789183, at *2 (S.D. Fla. Oct. 29, 2013).

10. The Eleventh Circuit applies the "least sophisticated consumer" standard to determine whether a debt collector's communication violates the FDCPA. *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985). This objective standard does not consider "whether the particular plaintiff-consumer was deceived or misled; instead, the question is 'whether the 'least sophisticated consumer' would have been deceived' by the debt collector's conduct." *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1258 (11th Cir. 2014) (*quoting Jeter*, 760 F.2d at 1177 n.11)).

11. A key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written notice which provides information regarding the debt and informs the consumer of his or her right to dispute the validity of the debt, and/or request the name and address of the original creditor, within 30 days of receipt of the notice. *See* 15 U.S.C. § 1692g(a).

12. Congress adopted "the debt validation provisions of section 1692g" to guarantee that consumers would receive "adequate notice" of their rights under the FDCPA. *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000) (citing *Miller v. Payco–General Am. Credits, Inc.*, 943 F.2d 482, 484 (4th Cir. 1991)).

13. The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts, including the false representation of the character, amount, or legal status of a debt. *See* 15 U.S.C. §§ 1692e; 1692e(2)(A).

14. Congress, recognizing that it would be impossible to foresee every type of deceptive collection misbehavior, expressly included in the FDCPA a catchall provision, prohibiting "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

## PARTIES

15. Plaintiff is a natural person who at all relevant times resided in the State of Alabama, County of Coffee, and City of Enterprise.

16. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

17. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

18. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

19. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed or due a creditor other than Defendant.

20. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, personal medical services (the "Debt").

21. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

22. On December 22, 2015 Plaintiff went to Dale Medical Center for blood tests and an EKG to prepare for a surgery, which Plaintiff underwent on January 6, 2016.

23. After making over $1,000 in payments to Dale Medical Center, Plaintiff received a statement from Dale Medical Center via email on August 25, 2016 attempting to collect the remaining balance.

24. A true and correct copy of Dale Medical Center's August 25, 2016 statement is attached to this complaint as Exhibit A.

25. The August 25, 2016 statement lists the remaining balance of the Debt as $128.19. Exhibit A.

26. The August 25, 2016 statement does not list that interest will be charged on Plaintiff's Debt, nor does it mention that interest may accrue on the Debt.

27. The August 25, 2016 statement lists the date of service only as December 22, 2015 and at the time Plaintiff received the statement, he was confused why he was only receiving a statement related to the blood tests and EKG.

28. Plaintiff thought that he was being double-billed and did not make a payment to Dale Medical Center.

29. On March 13, 2017, Defendant sent Plaintiff a letter in connection with the collection of the Debt.

30. A true and correct copy of Defendant's March 13, 2017 letter is attached to this complaint as Exhibit B.

31. Defendant's March 13, 2017 letter states: "Principal Due: $128.19." Exhibit B.

32. Defendant's March 13, 2017 letter also states: "Interest of at least 6% is accruing on the principal balance. Documentation may exist which provides for a higher rate of interest and/or reasonable attorney's fees." Exhibit B.

33. Defendant's March 13, 2017 letter further states: "The total principal balance due our client is $128.19 not including interest or attorney's fees to which our client may be entitled." Exhibit B.

34. Plaintiff was confused what the true amount of his Debt was because only the principal balance is listed, despite the fact that Defendant's letter states that interest was accruing (at some unknown rate) on the principal balance, as well as possibly some amount of attorney's fees.

35. Furthermore, although Plaintiff's Debt was evidently increasing due to the accrual of interest at least 6%, Defendant's letter states that if Plaintiff paid the principal amount, he would "avoid further action." Exhibit B.

36. Defendant's March 13, 2017 letter fails to properly inform Plaintiff whether his Debt was actually accruing interest, and at what rate.

37. If Plaintiff's Debt is accruing interest, Defendant's March 13, 2017 letter falsely represents the character, amount, and legal status of Plaintiff's Debt by only stating the principal balance.

38. Alternatively, if Plaintiff's Debt is not accruing interest, Defendant's statement that Plaintiff's Debt was increasing due to interest of at least 6% was false, misleading, and deceptive.

39. Defendant's March 13, 2017 letter also states both: "Our client has provided us with documentation on the following past due account" and "Documentation *may* exist which provides for a higher rate of interest and/or reasonable attorney's fees." Exhibit B (emphasis included).

40. Plaintiff was unsure what interest rate was being applied to his Debt, whether attorney's fees may be added to the total balance of the Debt, or whether there are documents which support any of Defendant's statements. Exhibit B.

41. Plaintiff, or the least sophisticated consumer, could reasonably conclude that (1) interest is accruing on the Debt at 6%, (2) that interest is not accruing because the Debt had not increased, or (3) that a higher interest rate is accruing; at least one of these conclusions would be incorrect.

42. Plaintiff, or the least sophisticated consumer, could also reasonably conclude that (1) payment of the principal balance would fully settle his Debt or (2) that Defendant could continue to collect the interest that accrued and/or attorney's fees, one of which would also be incorrect.

43. Defendant's March 13, 2017 letter was Defendant's initial communication with Plaintiff with respect to the Debt.

44. Therefore, Defendant's March 13, 2017 letter purported to contain the notices required in an initial communication as required by the FDCPA. 15 U.S.C. § 1692g(a).

45. However, the letter does not clearly and meaningfully convey the amount of the Debt, because it provides only the principal balance and implies that the Debt is some greater amount due to accrued interest and possibly attorney fees.

46. In connection with the collection of another account, Defendant sent Plaintiff a letter dated March 27, 2017.

47. A true and correct copy of Defendant's March 27, 2017 letter is attached to this complaint as Exhibit C.

48. Like the March 13, 2017 letter, Defendant's March 27, 2017 letter also does not clearly disclose the amount of the debt owed as of the date of the letter, as it also implies that interest of at least 6% and possibly attorney's fees are accruing on the principal balance. Exhibit C.

49. Other than account numbers, creditor name, and principal balance, Defendant's March 13, 2017 and March 27, 2017 letters are substantially the same. *Compare* Exhibit B *with* Exhibit C.

## CLASS ALLEGATIONS

50. Plaintiff repeats and re-alleges all factual allegations above.

51. Defendant's March 13, 2017 and March 27, 2017 letters are based on a form or template (the "Template").

52. The Template fails to adequately convey the amount of the debt and leaves the consumer unsure of the amount of the debt and whether interest or other charges are included and in what amount.

53. The Template also makes false, deceptive, or misleading statements about the applicability of attorney's fees or a greater rate of interest to the consumer's debt.

54. Defendant has used the Template to send collection letters to over 40 individuals in the State of Alabama within the year prior to the filing of the complaint in this matter.

55. Plaintiff brings this action on behalf of himself and all others similarly situated. Specifically, Plaintiff seeks to represent the following class of individuals:

> (a) All persons with an Alabama address, (b) to whom Defendant sent a letter based on the Template, (c) within one year before the date of the Complaint, and (d) in connection with the collection of a consumer debt.

56. The proposed class specifically excludes the United States of America, the State of Alabama, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Eleventh Circuit, and the Justices of the United States Supreme Court, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing persons.

57. The class is averred to be so numerous that joinder of members is impracticable.

58. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

59. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

60. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendant's identical conduct particular to the matters at issue; (b) Defendant's violations of the FDCPA; (c) the availability of statutory penalties; and (d) attorneys' fees and costs.

61. Plaintiff's claims are typical of those of the class he seeks to represent.

62. The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure on the part of Defendant. Thus, if brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

63. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

64. Plaintiff will fairly and adequately protect the interests of the class and has no interests adverse to or which directly and irrevocably conflict with the interests of other members of the class.

65. Plaintiff is willing and prepared to serve this Court and the proposed class.

66. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

67. Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

68. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

69. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the classes. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

70. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

71. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

72. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692g(a)(1)

73. Plaintiff repeats and re-alleges each factual allegation above.

74. In its initial communication with a consumer, the debt collector must disclose "the amount of the debt."

75. "The unpaid principal balance is not the debt; it is only a part of the debt; the Act requires statement of the debt." *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 875 (7th Cir. 2000).

76. "It is not enough that the dunning letter state the amount of the debt that is due. It must state it clearly enough that the recipient is likely to understand it." *Chuway v. Nat'l Action Fin. Servs., Inc.*, 362 F.3d 944, 948 (7th Cir. 2004).

77. Defendant violated 15 U.S.C. § 1692g(a)(1) by failing to meaningfully convey the amount of the alleged debt to Plaintiff in its initial communication.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692g(a)(1) with respect to Plaintiff and the class he seeks to represent;

c) Awarding Plaintiff, and the class he seeks to represent, actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, in the amount of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff, and the class he seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

g) Awarding Plaintiff, and the class he seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

78. Plaintiff repeats and re-alleges each factual allegation above.

79. The plain-language of the FDCPA makes it clear that under the strict liability framework, any false or misleading representation as to the amount of the debt is sufficient to violate the FDCPA. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004) ("§

1692e(2)(A) creates a strict-liability rule. Debt collectors may not make false claims, period."); *see also Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003) ("under § 1692e ignorance is no excuse").

80. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt, including by misleading Plaintiff as to whether interest or attorney's fees were included or accruing on the debt, and if so, at what rate or amount.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A) with respect to Plaintiff and the class he seeks to represent;

c) Awarding Plaintiff, and the class he seeks to represent, actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, in the amount of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff, and the class he seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

g) Awarding Plaintiff, and the class he seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(10)

81. Plaintiff repeats and re-alleges each factual allegation contained above.

82. "[A] collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Federal Home Loan Mortgage Corp. v. Lamar*, 503 F.3d 504, 512 (6th Cir. 2007) (quoting *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996)).

83. Defendant violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of any debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692e(10) with respect to Plaintiff and the class he seeks to represent;

c) Awarding Plaintiff, and the class he seeks to represent, actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, in the amount of $500,000 or

one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff, and the class he seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

g) Awarding Plaintiff, and the class he seeks to represent pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem proper.

### TRIAL BY JURY

84. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: April 18, 2017.                    Respectfully submitted,

*/s/ Curtis R. Hussey*
Curtis R. Hussey
MDAL Bar No. HUS004
Hussey Law Firm, LLC
10 N. Section Street, No. 122
Fairhope, AL 36532-1896
Telephone: (251) 928-1423
Facsimile: (866) 317-2674
chussey@consumerlawinfo.com
Attorney for Michael Lait

Correspondence address:
5235 E. Southern Ave., D106-618
Mesa, AZ 85206